UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEGAN HELTON, o/b/o S.R.H., Jr.

    Plaintiff,

v.                                                Case No. 8:16-cv-2365-T-AAS

NANCY W. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER

Megan Helton's attorney Suzanne Harris moves for an award of $5,056.07 in attorney's fees under 42 U.S.C. Section 406(b). (Doc. 34). The Commissioner does not oppose Ms. Harris's request.[1] (*Id.* at p. 2).

Ms. Helton, on behalf of her minor child, S.R.H., Jr., applied for supplemental security income. (Tr. 21, 66, 77). After disability specialists denied her applications initially and after reconsideration, Ms. Helton requested a hearing before an Administrative Law Judge (ALJ), who found S.R.H., Jr. not disabled. (Tr. 21–35).

The Appeals Council denied Ms. Helton's request for review of the ALJ's decision. (Tr. 1–6). Ms. Helton then filed a complaint in this court. (Doc. 1). The

---

[1] When the Commissioner fails to object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

order entered September 14, 2017, remanded the ALJ's decision, and the Clerk later entered judgment for Ms. Helton, on behalf of her minor child, S.R.H., Jr. (Docs. 18, 19).

Under 42 U.S.C. § 406(b), an attorney who represents a plaintiff in a Social Security disability claim may not collect a fee unless the court approves the fee. That fee is limited to twenty-five percent of past due benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 519, 202 L. Ed. 2d 469 (2019). Here, the Commissioner found S.R.H., Jr. disabled on remand, and the Social Security Administration (Administration) issued an award of $44,224.26. (Doc. 24-3). Twenty-five percent of that amount is $11,056.07. Ms. Harris plans to ask the Administration for $6,000.00 in attorney's fees under Section 406(a) for her representation in front of the Administration. (Doc. 24, p. 3). After the $6,000.00 is deducted for attorney's fees under Section 406(a), $5,056.07 remains available for attorney's fees under Section 406(b). (*Id.*).

Based on the fee agreement, in which Ms. Helton agreed Ms. Harris could request twenty-five percent of past-due benefits for attorney's fees (Doc. 24-1), the itemization of services rendered (Doc. 24-2), and the Commissioner's lack of opposition, an attorney's fees award for $5,056.07 is appropriate. The court previously awarded Ms. Harris $2,750.95 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 23). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation and citation omitted); *DeRoche v.*

*Comm'r of Soc. Sec.*, No. 2:14-CV-189-FtM-CM, 2019 WL 931957, at *1 (M.D. Fla. Feb. 26, 2019) (citations and footnotes omitted). Therefore, Ms. Harris must refund her $2,750.95 attorney's fees award under the EAJA.

\* \* \*

Section 406(b) allows Ms. Harris to recover in attorney's fees up to twenty-five percent of S.R.H., Jr.'s past-due benefits. The Commissioner does not dispute the reasonableness of Ms. Harris's request for attorney's fees under Section 406(b). This, it is **ORDERED**:

1. Attorney Harris's motion for attorney's fees under 42 U.S.C. Section 406(b) (Doc. 24) is **GRANTED**.

2. Attorney Harris is awarded $5,056.07 in attorney's fees under 42 U.S.C. Section 406(b).

3. Attorney Harris must refund Ms. Helton her attorney's fees award under the EAJA.

**ENTERED** in Tampa, Florida on May 7, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge